UNITED STATES DISTRICT COURTS
EASTERN DISTRICT OF LOUISIANA

TIMOTHY DEMOND PATE
3200 PERDIDO ST
NEW ORLEANS LA 70119
#2543345 3/30/93 TDC B4 W

CIVIL NO -
CLERK -

25-2304

PLAINTIFF VS.

SECT. L MAG. 5

LEON T. ROCHE III (IN HIS OFFICIAL CAPASITY AS DISTRICT JUDGE FOR THE PARISH OF ORLEANS)
2700 TULANE AVE
NEW ORLEANS LA 70119
SECTION "I"
DEFENDANT

- COMPLAINT -

COMES NOW Pate, Timothy D - SECURED PARTY CREDITOR / AUTHORIZED REPRESENTIVE TRUSTEE' / ADMINISTRATOR / EXECUTOR / ATTORNEY (IN FACT) TO THE PRIVATE FOUNDATION
(TM) TIMOTHY DEMOND PATE ® ©
HEREINAFTER REFERRED TO AS, PLAINTIFF AND DOES MAKE THE FOLLOWING COMPLAINT ON DEFENDANT (TO WIT) DEPRIVATION OF RIGHTS UNDER COLOR OF LAW IN VIOLATION OF 18 U.S.C § 242; CONSPIRACY TO OBSTRUCT JUSTICE IN VIOLATION OF 18 U.S.C § ~~1512 (B)(3)~~ 371; OBSTRUCTION OF JUSTICE BY ENGAGING IN MISLEADING CONDUCT IN VIOLATION OF 18 U.S.C § 1512 (B)(3)

(1)

I.

PLAINTIFF ASSERTS THAT A NO-CONTEST PLEA WAS ENTERED INTO ON 4/30/2025 IN DEFENDANTS COURTROOM. PLAINTIFF WAS RELEASED AND THE VERY NEXT DAY PLAINTIFF APPEARED TO FILE A MOTION TO RELEASE PLAINTIFFS PROPERTY AND FILE FOR POST CONVICTION RELIEF AS HE WAS ENTITLED TO DO, AFTER FEELING THAT TAKING THE NO-CONTEST PLEA WAS HIS ONLY HOPE FOR BEING RELEASED. FROM CUSTODY BECAUSE THE ~~DEFENDANT~~ PLAINTIFFS 2nd CHAIR ZACHARY OSHAN & THE PRESIDING ADA MICHAEL SEWELL WERE COMMITTING SEVERAL ACTS OF OBSTRUCTION OF JUSTICE AGAINST THE PLAINTIFF, PLAINTIFF WAS URGED TO CONTACT THE APPEARANT PROJECT TO HANDLE THE APPEAL BUT A DATE WAS SET TO HAVE A HEARING ON THE PROPERTY RELEASE MERITS, AT THE HEARING FOR THE PROPERTY RELEASE THE DEFENDANT RULED IN FAVOR OF THE PLAINTIFF STATING THAT PLAINTIFFS PERSONAL PROPERTY WAS NOT AND SHOULD NOT HAVE BEEN SUBJECTED TO EVIDENCE IN THE FIRST PLACE AS ~~I WAS~~ PLAINTIFF WAS ONLY ARRESTED FOR A CRIMINAL TRESSPASSING, UNAUTHORIZED ENTRY OF A BUSINESS, SIMPLE CRIMINAL DAMAGE & TAMPERING WITH FIRE SYSTEM, AMONG THE ITEMS TO BE RELEASED WAS PLAINTIFFS CELL PHONE, EAR PHONES, CELL PHONE CHARGERS & MULTIPLE PERSONAL DOCUMENTS (LEGAL) TO WIT TRUST INSTRUMENT, MORTGAGE NOTES ORIGINALS, & PROPERTY DEEDS.

(2)

UPON RECEIVING THE SIGNED GRANTED MOTION FOR THE PROPERTY RELEASE PLAINTIFF WENT TO THE CPRE BUILDING LOCATED AT MAYFLOWER ST AND FURNISHED THEM WITH THE ORIGINAL COPY OF THE SIGNED MOTION (GRANTED) TO WHICH THEY TOOK AND TOLD PLAINTIFF TO WAIT, AFTER WAITING FOR SEVERAL HOURS, PLAINTIFF INQUIRED AS TO WHAT WAS TAKING SO LONG. AT THAT TIME A DETECTIVE BOSWELL CAME TO THE WINDOW AND GAVE THE DEFENDANT HIS HAT AND EARPHONES AND PLAINTIFF ADVISED THAT, THAT WAS NOT ALL OF HIS PROPERTY AT THAT TIME BOSWELL RESPONDED THAT "HE WAS NOT GIVING ME" MY DOCUMENTS HE DOESNT CARE WHAT "THE JUDGE SAYS" OR MY GRANTED MOTION. HE FURTHER STATED THAT HE WAS GOING TO GO VISIT THE JUDGE THE NEXT DAY AND VERIFY THE MOTION. AFTER RECEIVING SUCH DISREGARD FROM AGENT BOSWELL REGUARDING MY PROPERTY I DECIDED TO EMAIL THE JUDGE CHAMBERS AND INQUIRE ABOUT THE DOCUMENTS TO WHICH THE SECRETARY EMAILED ME BACK SAYING THE DETECTIVE MET WITH THE JUDGE (OFF THE RECORD) AND IT WAS DETERMINED THAT MY DOCUMENTS WERE FRAUDULANT AND SO I COULDNT GET MY DOCUMENTS BACK. NOT ONLY DID THE DETECTIVE NOT GIVE ME MY PHONE BACK HE DIDNT GIVE ME MY DOCUMENTS BACK WHICH THOSE DOCUMENTS ~~WERE~~ ARE THE VERY DOCUMENTS THAT PROVE MY INNOCENCE. IN THE 3 CASES AT HAND.

(3)

II

ACCORDINGLY, PLAINTIFF ASSERTS THE DEFENDANT IS VIOLATING THE DUE PROCESS LAWS SECURED BY THE UNITED STATES CONSTITUTION IN THAT THE APPROPRIATE ADMINISTRATIVE PROCESS WAS NOT FOLLOWED TO DECIDE THAT MY DOCUMENTS WERE FRAUDULENT, NOR WAS ANY EVIDENCE SUPPLIED TO SUPPORT THAT CLAIM. DETECTIVE BOSWELL JUST "FELT" AS THOUGH MY DOCUMENTS WERE FRAUDULENT AND EVEN THOUGH MY MOTION GRANTING ME MY THINGS, I FOLLOWED THE PROPER ADMINISTRATIVE PROCESS TO GET MY THINGS BACK. HE DECIDED HE JUST WASN'T GOING TO GIVE THEM TO ME. THE ~~DECTIVE~~ DETECTIVE WAS OPERATING WHERE HE HAD NO AUTHORITY! THE DEFENDANT DEPRIVING PLAINTIFF OF HIS RIGHTS SECURED BY THE CONSTITUTION BY ALLOWING A DETECTIVE TO PURSUADE HIM TO GO BACK ON AN ORDER THAT HE HAD ALREADY GRANTED.

III.

PLAINTIFF ALSO ASSERTS THAT A REVOCATION TO THE PROBATION STEMMING FROM THE NO-CONTEST PLEA ENTERED INTO ON 4/30/25 AND THAT ~~DEFEN~~ PLAINTIFF STATED ON RECORD ON 5/2/25 THAT HE WANTED TO FILE A (APCR APPEAL)) WAS HELD ON 10/29/25 WHERE PLAINTIFF IS AGAIN FACING FALSE ACCUSATIONS DEALING WITH HIS REAL ESTATE ACQUIRED THROUGH TRUST & PRIVATE PARTNERSHIP AGREEMENTS.

(4)

WAS HELD WITH DEFENDANT PRESIDING. THE BASIS FOR THE REVOCATION WAS SUPPOSEDLY THE 3 NEW MISDEMEANORS STILL IN SCREENING (WHICH PLAINTIFF WAS CHARGED WITH ON 10/8/25 which STEM FROM THE ON-GOING LEGAL DISPUTE WITH MR. JOSHUA BRUNO LOCATED AT 1937 ST. ANN ST. NOLA 70116 WHICH THE PLAINTIFF IS THE TRUSTEE TO THE ESTATE THAT OWNS THE PROPERTY). DEFENDANT FURTHER VIOLATED PLAINTIFFS DUE PROCESS BY VIOLATING PLAINTIFFS PROBATION WITHOUT AN ACTUAL CONVICTION NOR EVIDENCE (JUST OFF OF THE ARREST ALONE). LA. C. CR. P ART 901; STATE V. HARRIS 368 SO. 2d 1066 (LA 1979).

<PLAINTIFF ALSO ASSERTS THAT THE CODE OF CRIMINAL PROCEDURE CLEARLY CONTEMPLATES THAT THE DEFENDANT BE GIVEN AN OPPORTUNITY TO EXPLAIN MITIGATING CIRCUMSTANCES RELATING TO THE VIOLATION BEFORE THE JUDGE DECIDES ON WHETER TO REVOKE THE PROBATION. PLAINTIFF ASSERTS DEFENDANT NEVER EVEN GAVE ~~A DEFENDANT~~ PLAINTIFF AN OPPORTUNITY TO SPEAK NOR CALL WITNESSES ON HIS BEHALF. PLAIN ASSERTS DEFENDANT SHOWED DELIBERATE INDIFFERANCE.> PLAINTIFF ASSERTS APPLICATIONS FOR SUPERVISORY WRITS HAVE BEEN FILED WITH THE 4th CIRCUIT COURT OF APPEALS CONCERNING THE REVOCATION. PLAINTIFF FURTHER STATES THAT A COMPLAINT WAS LODGED WITH THE JUDICIAL COMMISSION IN LATE SEP. EARLY OCTOBER

(5)

CONCERNING THE PROPERTY RELEASE DISPUTE AND PLAINTIFF BELIEVES THE INVALID REVOCATION WAS THE DIRECT RESULT THEREOF. PLAINTIFF ALSO ASSERTS THAT A SUMMONS OR WARRANT MUST BE SUPPORTED BY AN AFFIDAVIT EXECUTED UNDER OATH AND ABSENT SUCH THAT THE WARRANT WAS IMPROPERLY ISSUED LA. C.CR.P ART 202 AND 385. AND PROBATION PROCEEDING IS INVALID, AND THE PROCEEDINGS RESULTING IN THE REVOCATION OF PLAINTIFFS PROBATION LACKED MINIMUM DUE PROCESS.

IV - DEMAND

- CONSIDERING THE ~~~~ FOREGOING, PLAINTIFFS DEMAND FOR JUSTICE IS DAMAGES IN THE AMOUNT OF $25 MILLION USD TWENTY FIVE MILLION USD 00)
- PLAINTIFF ALSO DEMANDS THE RELEASE ~~AS~~ OF HIS PERSONAL PROPERTY + LEGAL DOCUMENTS DEEDS + TRUST INSTRUMENTS.
- PLAINTIFF IS ALSO RECCOMENDING DISBARMENT FROM PRACTICING LAW (DEFENDANT) IN ANY JURISDICTION.

RESPECTFULLY

TM TIMOTHY D. PATE RA

[signature]

SECURED PARTY CREDITOR
AUTHORIZED REPRESENTATIVE
TRUSTEE!
ADMINISTRATOR
ATTORNEY 11/1/25

PLAINTIFF
11/1/2025