UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMOTHY DEMOND PATE, #604643** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-2304** |
| **LEON T. ROCHE** | **SECTION "L"(5)** |

### REPORT AND RECOMMENDATION

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* plaintiff, Timothy Demond Pate, who was incarcerated at the Orleans Justice Center. Pate names Judge Leon T. Roche as the sole defendant, alleging that the judge violated his constitutional rights by obstructing justice and preventing the release of his personal property.[1] He also asserts that his probation was improperly revoked in violation of his due process rights. He requests monetary compensation and an order compelling the release of his property and recommending defendant's disbarment.[2]

---

[1] In his memorandum in support, Pate references criminal statutes 18 U.S.C. § 242, 18 U.S.C. § 371, and 18 U.S.C. § 1512. (R. Doc. 3-1, p. 1). Because these criminal statutes do not provide for a private right of action, Pate fails to state a claim for which relief may be granted pursuant to these statutes. *Chaney v. Races and Aces*, 590 F. App'x 327, 330 (5th Cir. 2014) (Sections 241 and 242 are criminal statutes that "do not provide for a private right of action.") (quoting *Ali v. Shabazz*, 8 F.3d 22, 22 (5th Cir. 1993)); *Sampy v. Borne Wilkes Rabalais, L.L.C.*, Civ. Action No. 24-169, 2024 WL 2813326, at *3 (W.D. La. May 16, 2024) (no viable civil cause of action for "tampering" under criminal statute 18 U.S.C. § 1512), *adopted*, 2024 WL 2804929 (W.D. La. May 31, 2024); *Poree v. Lakewind East Apartments*, Civ. Action No. 93-3446, 1994 WL 705428, at *2 (E.D. La. Dec. 15, 1994) (dismissing plaintiff's claim under 18 U.S.C. § 371, a statute making it a criminal offense to conspire either to commit any offense against the United States or to defraud the United States, which does not create a private right of action). Here, even liberally construed as alleging claims under 42 U.S.C. § 1983, he fares no better for the reasons set forth in this report. *See, e.g., Rockefeller v. U.S. Ct. of Appeals Off., for Tenth Cir. Judges*, 248 F. Supp. 2d 17, 23-24 (D.D.C. 2003) (construing claims for relief under 18 U.S.C. §§ 242, 371 as claims for relief under 42 U.S.C. § 1983).

[2] R. Doc. 3 at p. 5, Complaint, *see also* R. Doc. 3-1 at p. 6

A proceeding brought *in forma pauperis* may be dismissed as frivolous under § 1915(e)(2)(B)(i), if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993); if it fails to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii); or if it seeks monetary relief against a defendant who is immune under 28 U.S.C. § 1915(e)(2)(B)(iii). *See also* 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c). Liberally construing Pate's complaint, it is the recommendation of the undersigned Magistrate Judge that the complaint be dismissed with prejudice under §§ 1915(e)(2)(B) and 1915A, and because the Court otherwise lacks subject-matter jurisdiction over the complaint and any collateral attack on a state-court judgment pursuant to the *Rooker-Feldman* doctrine.

Pate sued Judge Roche based on judicial rulings the judge made in connection with Pate's criminal proceedings. According to Pate, he entered a "no contest" plea before Judge Roche in April 2025. He subsequently filed a motion to release his property. Pate claims that Judge Roche ruled in his favor on the motion to release his property, which included his cell phone, earphones, cell phone chargers, and personal legal documents (*i.e.*, a trust instrument, original mortgage notes, and property deeds).[3] However, when he attempted to collect the items, he was denied access to the phone and legal documents. He contends that Detective Boswell disputed the order and planned to meet with Judge Roche. Pace stated that he emailed chambers and received a reply stating that the detective had met with

---

[3] R. Doc. 3-1, pp. 2-4.

Judge Roche off the record and it was determined the documents were fraudulent and that he was not entitled to their return. Pate contends that Judge Roche improperly allowed a detective, who had no authority or evidence to support his claim, "to persuade him to go back on an order that he had already granted."[4]

Pate also alleges that Judge Roche improperly revoked his probation, forcing him to again face false accusations dealing with his real estate acquired through trust and private partnership agreements. He disputes the grounds for revocation and alleges that he was denied due process. He states that he is challenging the judgment in the state court of appeal. He also states that he has lodged a complaint with the judicial commission against Judge Roche.[5]

Initially, the Court observes that to the extent Pate seeks an order compelling the judge to act (R. Doc. 3, p. 5), a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought. *See Reynolds v. DeLarge*, No. 22-1421, 2022 WL 3587840, at *3 (E.D. La. July 11, 2022) (citations omitted), *report and recommendation adopted*, 2022 WL 3579420 (E.D. La. Aug. 19, 2022). Furthermore, Pate's request for Judge Roche's disbarment (R. Doc. 3-1, p. 6) is improper because the Court has no authority to issue such an order and certainly not pursuant to Section 1983. *See Bell v. Morgan*, No. 5:22CV135-BQ, 2023 WL 9953950, at *4 (N.D. Tex. Aug.

---

[4] R. Doc. 3-1, pp. 3-4.

[5] *Id*. at 5.

3

10, 2023) (citing *Jackson v. Lyons*, No. 3:22CV095-MPM-JMV, 2022 WL 3226190, at *1 (N.D. Miss. July 20, 2022) (describing request for the revocation of state judge's law license as "fantastical" and dismissing case as frivolous), *aff'd*, No. 22-60443, 2022 WL 17829992 (5th Cir. Dec. 21, 2022); *Steele v. Unicon Grp.*, No. 3:19-CV-1679-N-BH, 2020 WL 5520610, at *12 (N.D. Tex. Aug. 10, 2020) ("Section 1983 was enacted to redress civil rights violations by persons acting under color of State law and is not the proper vehicle to initiate an ethics or disciplinary review with the state bar." (internal quotation marks omitted)), *report and recommendation adopted*, 2020 WL 5513439 (N.D. Tex. Sept. 11, 2020); and *Cavit v. Dall. Cnty. Jud. Ct.*, No. 3:09-CV-1691-N-BH, 2009 WL 3816485, at *2 (N.D. Tex. Nov. 12, 2009) (explaining that the court could not "disbar [p]laintiff's former attorney under § 1983 because Texas courts have exclusive jurisdiction over the discipline of their attorneys" (cleaned up)).

Furthermore, the sole named defendant is not subject to suit under § 1983.[6] As to any claim against Judge Roche in his official capacity, such a claim is in reality a claim against the state itself, and, therefore, it is barred by the Eleventh Amendment. *See Will v. Mich. Dept. of*

---

[6] Even if he could identify a non-immune and proper defendant, to the extent he attacks the validity of the judgment revoking his probation and the resulting confinement term his claim likely would be barred by *Heck v. Humphrey*. In *Heck*, the Supreme Court held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (applying *Heck* to § 1983 claim that would, if successful, imply the invalidity of the revocation of plaintiff's probation and parole).

*St. Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996); *see also Price v. Irons*, Civ. Action No. 19-11451, 2020 WL 1638376, at *3 (E.D. La. Apr. 2, 2020); *Doris v. Van Davis*, Civ. Action No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009).[7]  And absolute judicial immunity bars any claim against Judge Roche in his individual capacity based on his restrictive ruling as to the property to be released to Pate and the revocation of Pate's probation.  Absolute immunity applies regardless of whether the judge's actions were allegedly erroneous, malicious, or in excess of his authority.  *See Mays v. Sudderth*, 97 F.3d 107, 111 (5th Cir. 1996).  A judge's immunity is overcome only for actions not taken in the judge's judicial capacity or for action taken in complete absence of all jurisdiction.  *Mireles v. Waco*, 502 U.S. 9 at 11-12 (1991); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).  Pate's claims against Judge Roche involve only actions taken in his judicial capacity and within his jurisdiction.  *Ballard v. Wall*, 413 F.3d 510, 517 (5th Cir. 2005).  Thus, he is immune from suit for monetary relief under Section 1983.  Additionally, Section 1983 prohibits injunctive relief against judicial officers, stating that injunctive relief shall not be granted in an action brought against "a judicial officer for an act or omission taken in such

---

[7] To the extent Pate may attempt to characterize his requests for relief as "injunctive" or "declaratory," he complains only of past constitutional violations (as opposed to ongoing violations) for which prospective relief is not possible. *See Laird v. Spencer*, No. 20-30237, 2025 WL 79826, at *6-7 (5th Cir. Jan. 13, 2025); s*ee also Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003); *see also Jones v. Tyson Foods, Inc.*, 971 F. Supp. 2d 671, 681 (N.D. Miss. 2013) (granting summary judgment based on Eleventh Amendment immunity, noting that the plaintiff's requests for declaratory relief were actually complaints of past constitutional violations and thus not available under *Ex Parte Young*).  *Fulco v. Hampton*, No. 4:24CV1025, 2025 WL 3557946, at *2 (E.D. Tex. July 25, 2025), *report and recommendation adopted*, 2025 WL 3556104 (E.D. Tex. Dec. 11, 2025).

officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Pate has made no such allegations and can seek such relief only by challenging the unfavorable judgments in the state courts.

Finally, Pate is clearly unhappy with what he perceives to be erroneous or unfair rulings made by Judge Roche in his state criminal proceedings. Even though he does not explicitly seek to overturn the written ruling issued by Judge Roche granting his motion for release of his property, he essentially disputes Judge Roche's restrictive limitation placed on the property subject to release pursuant to that ruling. To the extent Pate's § 1983 complaint challenges the soundness of the state court's judgments and presents a collateral attack on them, the *Rooker-Feldman* doctrine bars the claim. "The casting of a complaint in the form of a civil rights action cannot circumvent this rule[.]" *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). "When a § 1983 suit is 'inextricably intertwined' with a state-court judgment such that the suit is, essentially, an attack on that judgment, district courts lack original jurisdiction over the suit." *Batista v. Carter*, 796 F. App'x 209, 210 (5th Cir. 2020) (citing *Liedtke*, 18 F.3d at 317–18). Thus, to the extent he is challenging prior judgments made by the state court in his criminal proceedings and seeking reversal by this Court, the federal courts cannot hear such matters pursuant to the *Rooker-Feldman* doctrine. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced

and inviting district court review and rejection of those judgments"). Pate may use available processes in the state courts to challenge or seek review of Judge Roche's actions and rulings. Thus, to the extent he attempts to collaterally attack a judgment rendered by the state court, the Court lacks subject matter jurisdiction over Pate's complaint.

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the complaint against Judge Roche be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A, and otherwise for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine to the extent he attempts to collaterally attack a state-court judgment.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[8]

New Orleans, Louisiana, this __22nd__ day of January, 2026.

                                             **MICHAEL B. NORTH**
                                      **UNITED STATES MAGISTRATE JUDGE**

---

[8] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.